UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00055-HBB

ADAM WAYNE SUTTON                                                       PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Adam Wayne Sutton seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 20) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered June 29, 2017 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income benefits on December 30, 2013 (Tr. 163). Plaintiff alleged that he became disabled on December 1, 2013 (Tr. 177) as a result of White Coat Syndrome, attention deficit and hyperactivity disorder, social anxieties, high

blood pressure, and gum disease (Tr. 182). Administrative Law Judge Mary Lassy conducted a hearing on December 10, 2015 in Paducah, Kentucky (Tr. 35-56). Plaintiff was present and represented by Wendell Holloway, an attorney. Also present and testifying were vocational expert Dr. Stephanie Barnes and medical expert Dr. Tom Wagner.

In a decision dated December 31, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 18-34). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 27, 2013, the protective filing date (Tr. 23). At the second step, the ALJ determined that Plaintiff's history of attention deficit hyperactivity disorder, depression, anxiety, and borderline intellectual function are "severe" impairments within the meaning of the regulations (Tr. 23). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 23).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels except "he would need to avoid ladders, ropes, and scaffolds and exposure to hazardous machinery and heights. He can understand, remember, and carry out simple instructions. There should be no complex work. He can sustain attention for simple tasks. There should be no interaction with the general public. He can occasionally interact with supervisors and coworkers. He can adapt to stress in a more object orientated work setting. He would need to avoid strict production work" (Tr. 24). The ALJ determined the Plaintiff has no past relevant work (Tr. 28).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational

expert (Tr. 28). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 28-29). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 27, 2013, through the date of the decision (Tr. 29).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 15). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality

of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step. For the reasons that follow, the Commissioner's decision is supported by substantial evidence, and Plaintiff's claim is denied.

CHALLENGED FINDINGS

Plaintiff first challenges the Commissioner's findings at the second step, arguing that Plaintiff has additional severe impairments of anxiety disorder severe, anxiety disorder not controlled, hyperactivity disorder chronic not controlled, and chronic organic mental disorder. Plaintiff additionally points out that Plaintiff was found to have various limitations, though none of these limitations appears to be a specific severe impairment (DN 12-2 at PageID # 487). Next, Plaintiff challenges the Commissioner's findings at the third step that he does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Plaintiff reiterates certain limitations, but he does not discuss to which listed impairment they apply nor does he articulate a listed impairment the ALJ should have considered but did not (Id.)..

Next, Plaintiff challenges the Commissioner's residual functional capacity finding. Plaintiff contends that his lack of a driver's license means the Commissioner's RFC is not supported by substantial evidence. He argues that the ALJ imposed vocational training requirements on Plaintiff that assume future events and are therefore based on facts not in the record (Id. at PageID # 488-89). Moreover, Plaintiff appears to argue that the fact that Plaintiff lives with his mother and does not work is proof that he cannot work. Plaintiff next details his

daily activities, as presented in Plaintiff's hearing testimony, and concludes this testimony precludes a finding of not disabled (Id. at PageID # 489). Finally, Plaintiff argues the Commissioner did not afford sufficient weight to the affidavit of his mother, Donna Sutton.

Plaintiff challenges Dr. Tom Wagner's expert testimony, arguing that Dr. Wagner's recommendation that, should Plaintiff be awarded benefits, he be assigned a payee is conclusive of disability (Id. at PageID # 490). He further argues that Dr. Wagner did not have Plaintiff's most recent treatment records, which express marked limitations. Finally, Plaintiff appears to argue that, because Dr. Wagner (a psychologist) stated he was not qualified to answer questions about the effects of Plaintiff's high blood pressure, his entire testimony is unreliable, and the ALJ's reliance on his opinion is misplaced (Id. at PageID # 491).

Plaintiff challenges the findings of vocational expert Dr. Stephanie Barnes. Plaintiff apparently argues that Dr. Barnes testified there are no sedentary jobs Plaintiff could perform because of his mental restrictions. As a result, Plaintiff contends, because he cannot perform sedentary work, he cannot perform any work. Moreover, Plaintiff argues that none of the occupations cited by Dr. Barnes exist in Plaintiff's hometown, and this finding is therefore erroneous (Id. at PageID # 491).

Finally, Plaintiff contends that pages of Donna Sutton's affidavit as well as pages of a memorandum prepared by Plaintiff's counsel are missing from the record. This, argues the Plaintiff, is grounds for reversal and an abuse of discretion (Id. at PageID # 496).

Discussion

At the second step in the sequential evaluation process, a claimant bears the burden of demonstrating he has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the

6

claimant must show he suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" his ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. § 416.908; Social Security Ruling 96-4p, 1996 WL 374187, at *1; Social Security Ruling 96-3p, 1996 WL 374181, at *2. Thus, symptoms and subjective complaints alone are not sufficient to establish the existence of a "medically determinable" physical or mental impairment. Social Security Ruling 96-4p, 1996 WL 374187, at *1. Notably, so long as the ALJ determines that the claimant has one severe impairment, they must continue the five step evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c). If the ALJ considers the claimants limitations in the remainder of the assessment, then the failure to find a specific impairment severe cannot constitute reversible error. Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987).

Here, the ALJ concluded that Plaintiff's ADHD, depression, anxiety, and borderline intellectual disorder were severe impairments (Tr. 23). The undersigned does not fully understand why Plaintiff complains the ALJ did not find hyperactivity disorder and anxiety to be severe impairments when in fact the ALJ concluded that both are severe. Additionally, Plaintiff's recitation of symptoms such as difficulty seeing, difficulty walking, Etc. are not impairments, but instead constitute limitations that the ALJ may consider or not, depending on

7

their supportability in the record. The Commissioner's decision at the second step is well-supported by substantial evidence and comports with all applicable laws.

Plaintiff challenges the ALJ's finding that he does not meet or medically equal a listing. However, Plaintiff offers no relevant analysis, not even identifying a specific listing nor discussing whether the Plaintiff meets the listing or medically equals it. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (internal quotations omitted). The undersigned concludes this claim is therefore waived. However, in an abundance of caution, the undersigned reviewed the ALJ's conclusion at the third step and nonetheless concludes it is supported by substantial evidence.

With respect to the residual functional capacity, Plaintiff's arguments are unpersuasive. The notion that a person's decision or ability not to obtain a driver's license is somehow dispositive of disability is baseless. Plaintiff offers no legal citation in support of this argument, and the undersigned could not independently find support for the proposition. This argument is therefore without merit.

The next issue is whether the ALJ properly assessed the opinion testimony of Dr. Wagner and Dr. Barnes. The ALJ properly afforded Dr. Wagner's opinion great weight. In her decision, the ALJ noted that Dr. Wagner's testimony is generally consistent with the treatment record (Tr. 27), and the ALJ implemented the restrictions suggested by Dr. Wagner when fashioning Plaintiff's RFC. Plaintiff further offers inconsistent treatment of his own view of Dr. Wagner's testimony. On one hand, he argues Dr. Wagner's conclusion that Plaintiff should be assigned a payee is dispositive of disability. On the other hand, he argues that Dr. Wagner's inability to answer questions about Plaintiff's blood pressure, an area far afield from his specialty, is

disqualifying of his entire expert opinion. Either way, Plaintiff offers no legal support for either of these statements. Additionally, the ALJ thoroughly discussed Dr. Wagner's qualifications and opinions (Tr. 24-28).

The next issue is whether the ALJ improperly discounted Plaintiff's testimony. In assessing a claimant's residual functional capacity, the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p. Here, Plaintiff focuses solely on his statements at the hearing that suggest limitations. However, this ignores many other statements, including that Plaintiff had gone deer hunting only three weeks before the hearing, that he folds clothes, and that he uses Facebook and helps care for a cat and dog (Tr. 43-45). The ALJ discussed these statements in detail, and concluded that such activities, particularly deer hunting, are inconsistent with the level of limitation claimed by the Plaintiff (Tr. 26). The undersigned finds no reason to cast doubt on this ALJ's credibility determination, particularly where the ALJ was present at the hearing and had the opportunity to observe the Plaintiff in person. Such determinations should "not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). To conclude, the ALJ's credibility determination is well-supported by substantial evidence and comports with applicable law.

The final issue is whether the ALJ improperly discounted the opinion of Plaintiff's mother Donna Sutton, and whether the omission of a page of her affidavit is fatal to the Commissioner's decision. The undersigned answers both inquiries in the negative. SSR 96-7p requires the ALJ to weigh all the evidence of record, including medical sources as well as other

opinion evidence such as statements of family members. 1996 WL 374186, at *1. Here, the ALJ discussed Ms. Sutton's opinion and wrote as follows:

> Finally, the undersigned notes that she has reviewed the third party statements of the claimant's mother, Donna Sutton, at Exhibits 6E, 8E, and 15F, and the claimant's sister, Stephanie Pollard, at Exhibit 3E. While their statements may generally correspond with the claimant's subjective allegations, they are not reasonably commensurate with the weight of the objective medical evidence. Also, as close relatives of the claimant, neither Ms. Sutton nor Ms. Pollard can reasonably be considered a wholly impartial party in this matter. Accordingly, no significant weight can be attributed to their statements.

(Tr. 28). Thus, the ALJ considered the evidence, concluded it was consistent with Plaintiff's subjective allegations, and decided to afford the opinions little weight in light of the objective medical record. It is unclear whether the ALJ was missing a page of Ms. Sutton's affidavit when reviewing her statement. Moreover, if a page was missing, it is unclear whether this was administrative error by the Social Security Administration or by Plaintiff himself. However, even assuming the information cited in Plaintiff's brief was missing, it does not create reversible error. The information Plaintiff highlights from the missing page is that, in the affiant's opinion, Plaintiff is disabled as a result of an organic mental disorder, anxiety, ADHD, and high blood pressure (DN 12-2 at PageID # 495). Nothing in this opinion is new or inconsistent with Plaintiff's testimony. It establishes no fact other than what the ALJ plainly glommed: that Ms. Sutton believes her son is totally disabled. Therefore, even if the page in question was missing, Plaintiff has demonstrated no impact that the absence had on the ALJ's ultimate determination. Thus, any error from the missing page is harmless. *See* Cole v. Astrue, 661 F.3d 931, 940 (6th Cir. 2011).

Conclusion

The undersigned concludes that Plaintiff's claims are without merit. The decision of the Commissioner is supported by substantial evidence and comports with applicable law.

**<u>ORDER</u>**

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

Copies:	Counsel